UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

NICHOLAS ALAN SPIRDIONE,

        Plaintiff,

v.

REBECCA WOOD,

        Defendant.
_____/

Case No. 1:24-cv-824

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following claims against Defendant Wood: Fourteenth Amendment claims, and Plaintiff's request for declaratory relief. Plaintiff's First Amendment retaliation claims against Defendant Wood for monetary relief remain.

The Court will also deny Plaintiff's "motion for reasonable access to attorney and to unlock attorney's phone number" (ECF No. 14) without prejudice, (ECF No. 14) and will dismiss

Plaintiff's "motion to screen complaint and order to grant Plaintiff pauper status and refer case to early mediation" (ECF No. 7) as moot.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues ICF Corrections Officer Rebecca Wood.

Plaintiff alleges that, on February 12, 2024, Plaintiff filed a grievance against Defendant Wood for attempting to deprive Plaintiff "of his only source of clean drinking water . . ." (ECF No. 1, PageID.5.) Defendant Wood then issued Plaintiff a misconduct report, which was dismissed by non-party Captain Kelly. (*Id.*) Plaintiff filed a grievance against Defendant Wood because of this incident. (*Id.*)

On March 29, 2024, Plaintiff and two other prisoners were returning from dinner when they were stopped by Defendant Wood and subjected to a pat down search. (*Id.*, PageID.3.) Plaintiff, the first of the three prisoners searched, emptied his pockets and revealed salt and pepper, which Plaintiff alleges he was permitted to possess under MDOC policy. (*Id.*) When Defendant Wood told Plaintiff that he would need to leave the salt and pepper with Defendant Wood, Plaintiff complained, alleging a violation of his right to due process. (*Id.*) Defendant Wood replied, "alright," examined the salt and pepper, and withheld the pepper as "altered" contraband. (*Id.*) Plaintiff claims that the other two prisoners also had seasoning but were not asked to surrender or discard their seasoning. (*Id.*, PageID. 3–4.) These prisoners had not previously filed a grievance against Defendant Wood. (*Id.*, PageID.5.)

Following the events of March 29, 2024, Defendant Wood issued Plaintiff a Class II misconduct report with two charges: disobeying a direct order and destruction or misuse of property. (*Id.*, PageID.4.) Plaintiff claims that the pepper shaker was not in fact altered and that the misconduct charges were false. (*Id.*)

Following a hearing, non-party Lieutenant Hicks dismissed Defendant Wood's charges as written and issued Plaintiff "a counseling/reprimand" for Plaintiff's admitted violation of the posted rules, a Class III misconduct. (*Id.*, PageID.5, 7; ECF No. 1-2, PageID.15.)

As a result of the foregoing facts, Plaintiff seeks declaratory and monetary relief. (ECF No. 1, PageID.8.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

3

relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As a result of the events described in Plaintiff's complaint, Plaintiff brings claims of First Amendment retaliation and Fourteenth Amendment violation of Plaintiff's rights to procedural and substantive due process. (ECF No. 1, PageID.2.) The Court will also construe Plaintiff's complaint to bring § 1983 claims for violation of MDOC policies. (*Id.*)

### A.     Request for Declaratory Relief

In addition to monetary damages, Plaintiff requests that the Court award declaratory relief. (ECF No. 1, PageID.8.) However, the Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Plaintiff is no longer confined to ICF, where he avers that Defendant Wood is employed and where

the events are alleged to have occurred. Accordingly, Plaintiff's request for declaratory relief is moot and will be dismissed.

### B.  First Amendment Retaliation Claims

Plaintiff alleges that Defendant Wood retaliated against him by confiscating his pepper shaker and issuing Plaintiff false misconduct charges. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to the first element of a First Amendment retaliation claim, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). Here, Plaintiff claims that he verbally complained about Defendant Wood's conduct on both February 12, 2024, and March 29, 2024, and that he filed grievances against her after each interaction. (ECF No. 1, generally.) Given these allegations and the subsequent conduct by Defendant Wood in confiscating Plaintiff's pepper shaker and issuing Plaintiff false misconduct charges, the Court will not dismiss Plaintiff's First Amendment retaliation claims on screening.

### C.    Fourteenth Amendment Due Process Claims

Plaintiff brings several claims under the umbrella of Fourteenth Amendment due process. He claims that Defendant Wood violated MDOC policies, unlawfully confiscated his pepper shaker, issued him false misconduct charges, and generally violated Plaintiff's right to substantive due process.

### 1.    Violation of MDOC Policy

Plaintiff alleges that Defendant Wood's conduct violated prison policy. To the extent Plaintiff intends to bring a due process claim based upon said violations, Plaintiff fails to allege a constitutional claim.

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). To demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992);

*Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Plaintiff's allegations that Defendant Wood violated prison policy therefore fail to raise a cognizable federal due process claim.

### 2. Confiscation of Plaintiff's Property

Plaintiff alleges that Defendant Wood confiscated Plaintiff's pepper shaker without due process of law. However, Plaintiff's Fourteenth Amendment claims regarding the deprivation of property are barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him state post-deprivation remedies. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of any personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment procedural due process claim regarding the taking of his pepper shaker.

### 3.  Misconduct Charges

Plaintiff alleges that he was denied due process in Defendant Wood's issuance of Class II misconduct charges for disobeying a direct order and destruction or misuse of property. He alleges that the false charges were dismissed following a hearing and that he pled guilty to his admitted violation of posted rules. (ECF No. 1, PageID.5, 7; ECF No. 1-2, PageID.15.)

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

Plaintiff's complaint and exhibits clearly indicate that the false misconduct charges issued by Defendant Wood were dismissed and that Plaintiff admitted that he was guilty of the reduced charge of violation of posted rules. There is "no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003). "Due process of law requires only that the person have the opportunity to convince an unbiased decision maker that he has been wrongly or falsely accused or that the evidence against him is false." *Onumonu v. Mich. Dep't of Corr.*, No. 1:21-cv-33, 2021 WL 972809, at *3 (W.D. Mich. Mar. 16,

2021); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (agreeing that an inmate's misconduct proceedings did not implicate a protected liberty interest because he was found not guilty); *Barlow v. Dominguez*, No. 98-2414, 1999 WL 1045174, at *1 (6th Cir. Nov. 9, 1999) (noting that the inmate's "due process rights were protected when, at an administrative hearing concerning the ticket, [the inmate] was found not guilty and the ticket was dismissed"). Because Plaintiff's allegations show that he had such an opportunity, and that ultimately, the false misconduct charges were dismissed, any intended procedural due process claims based upon those misconduct charges will be dismissed.

Even if Plaintiff had been found guilty of the false misconduct charges, he still could not provide the Court with any facts that would plausibly implicate a protected liberty interest. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484, 487. Under MDOC Policy Directive 03.03.105, ¶ C (eff. Apr. 18, 2022), a class I misconduct is a "major" misconduct and class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a class I misconduct. *Id*. ¶ DDDD.

The Sixth Circuit has routinely held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678,

9

680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff's Class II misconduct charges could not have resulted in the loss of good time and, therefore, did not implicate Plaintiff's due process rights.

Furthermore, Plaintiff does not allege any facts suggesting that any misconduct conviction resulted in an "atypical and significant hardship." *See Sandin*, 515 U.S. at 487. Plaintiff alleges that he received only "a counseling/reprimand" (ECF No. 1, PageID.7), which certainly would not rise to the level of an atypical and significant hardship. Accordingly, the Court finds that Plaintiff fails to state a plausible Fourteenth Amendment procedural due process claim regarding the misconduct charges issued by Defendant Wood.

### 4. Substantive Due Process

Plaintiff indicates that he intends to bring a claim for violation of his Fourteenth Amendment substantive due process rights. He identifies retaliatory conduct, the deprivation of property, and the issuance of false misconduct charges. Each of those allegations falls directly under one of the constitutional violations addressed above. "Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this context, Plaintiff § 1983 claims are governed by the specific constitutional amendments discussed in detail above. Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment substantive due process claims.

Moreover, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Plaintiff's allegations fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim. Consequently, for this reason as well, the Court will dismiss Plaintiff's substantive due process claim.

### III. Pending Motion

Also before the Court are two motions filed by Plaintiff. First, Plaintiff filed a "motion to screen complaint and order to grant Plaintiff pauper status and refer case to early mediation" (ECF No. 7), and second, Plaintiff filed a motion titled "motion for reasonable access to attorney and to unlock attorney's phone number" (ECF No. 14). The Court will address Plaintiff's motions in turn.

First, in his "motion to screen complaint and order to grant Plaintiff pauper status and refer case to early mediation," Plaintiff states that he filed his complaint on August 6, 2024, and that the complaint had not yet been screened or referred to early mediation. (ECF No. 7, PageID.53.) The Court has now screened Plaintiff's complaint, and an order will be entered shortly concerning the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program. As a result, Plaintiff's "motion to screen complaint and order to grant Plaintiff pauper status and refer case to early mediation" (ECF No. 7) will be dismissed as moot.

Second, in his "motion for reasonable access to attorney and to unlock attorney's phone number" (ECF No. 14), Plaintiff avers that he has retained an attorney but that non-party MDOC employees have prevented Plaintiff from being able to speak with his attorney over the telephone. Because Plaintiff's motion alleges wrongdoing and seeks relief from individuals who are not parties to the present action, the Court is unable to grant Plaintiff the relief he seeks. Should Plaintiff wish to pursue his claims against these individuals, Plaintiff must do so in a separate action. Accordingly, the Court will deny Plaintiff's "motion for reasonable access to attorney and to unlock attorney's phone number" (ECF No. 14) without prejudice to Plaintiff's ability to raise these claims in a separate lawsuit.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's Fourteenth Amendment claims and request for declaratory relief for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claims against Defendant Wood for monetary relief remain.

The Court will grant Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2), deny Plaintiff's "motion for reasonable access to attorney and to unlock attorney's phone number" without prejudice (ECF No. 14), and will dismiss Plaintiff's "motion to screen complaint and order to grant Plaintiff pauper status and refer case to early mediation" (ECF No. 7) as moot.

An order consistent with this opinion will be entered.

Dated:   March 6, 2025                           /s/ Robert J. Jonker
                                                 Robert J. Jonker
                                                 United States District Judge